IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN RYAN COWAN, ON BEHALF OF HIS MINOR CHILD, R.D.J.C., <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondents. | Cause No. CV 25-130-M-DLC <br><br> ORDER |

Pro se filer Shawn Ryan Cowan ("Cowan") filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Cowan generally alleges there has been an unconstitutional restraint upon his parental rights. (*Id*. at 2.)

He specifically claims that his Fourth and Fourteenth Amendment rights were violated when a facially invalid warrant issued in this Court resulted in collateral consequences in state court proceedings, including criminal charges and a "no contact" order with his minor child, R.D.J.C. (*Id*. at 4.) Cowan next asserts "locus standi," (*id*.), although he provides no additional context, the Court presumes Cowan is asserting he has standing to bring this matter. Finally, Cowan

1

claims both his parental rights under the Fourteenth Amendment and his right to privacy under the Ninth Amendment are being deprived by arbitrary state action and "fruit of the poisonous tree." (*Id.* at 5.) Cowan states R.D.J.C.'s mother is allowing their child to be used as a political tool against Cowan. (*Id.* at 5.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Because this Court lacks jurisdiction, the matter will be dismissed.

The federal habeas statues give district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" for the conviction when the petition is filed. *See e.g., Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Cowan has not been convicted of a crime in the federal District of Montana, nor is he presently incarcerated. *See e.g.*, (Doc. 1 at 2-3); *see also, Lorenstsen v. Hood*, 223 F. 3d 950, 953 (9th Cir. 2000)("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."). Thus, Cowan is not "in custody" under a federal conviction for purposes of 28 U.S.C. § 2255. Accordingly, this Court lacks jurisdiction to consider Cowan's claims. This matter must be dismissed.

To the extent that Cowan seeks to challenge purported violations in

conjunction with his state child custody proceedings, such claims would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. *See Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition."). Cowan will be provided a copy of the Court's standard § 1983 form should he wish to file a civil rights complaint.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Cowan has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253( c)(2). There is no doubt this Court lacks jurisdiction. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Cowan's Petition (Doc. 1) is DISMISSED for lack of jurisdiction.
2. The Clerk of Court is directed to enter a judgment of dismissal.

3. The Clerk of Court is directed to provide Cowan with a copy of the Court's § 1983 complaint along with the service copy of this Order.

4. A certificate of appealability is DENIED.

DATED this 14th day of August, 2025.

>*/s/ Dana L. Christensen*
>Dana L. Christensen
>United States District Court Judge