IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN RYAN COWAN, ON BEHALF OF HIS MINOR CHILD, R.D.J.C., | Cause No. CV 25-130-M-DLC |
| Petitioner, | ORDER |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondents. | |

Pro se filer Shawn Ryan Cowan ("Cowan") filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Cowan generally alleged there had been an unconstitutional restraint upon his parental rights. (*Id.* at 2.) This Court explained to Cowan that it was required to screen all actions and that a habeas petition or portion thereof would be dismissed if it raised claims that were legally frivolous or failed to state a basis upon which relief could be granted. *See*, (Doc. 2 at 2.)

The Court determined that because Cowan was not in custody and/or challenging a federal judgment of conviction, he could not proceed under § 2255 and that this Court was without jurisdiction to consider his claims. (*Id.* at 2-3.) It

was suggested to Cowan that perhaps his claims would more appropriately be filed as a civil rights action under 42 U.S.C. § 1983, rather than a habeas corpus petition, if at all. (*Id.* at 3.) The matter was dismissed and a certificate of appealability was denied. (*Id.* at 3-4.)

Cowan now seeks reconsideration of the dismissal of his petition. (Doc. 4.) Although he cites various constitutional provisions, case law, and his own interpretation of the same, he does not provide a legal basis for setting aside the judgment that was previously entered. *See generally*, (*Id.*)

Rule 60(b) allows the Court to relieve a party from an order in several narrow circumstance, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacate or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 99th Cir. 2000)(quotation omitted). A motion for reconsideration should not be granted "unless the district court is presented

with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9th Cir. 2003).

Cowan asserts he is acting as a private Attorney General under the RICO Act and was wrongfully deprived of fundamental constitutional rights regarding his minor son. (*Id*. at 1.) Cowan than provides his interpretation of "the Great Writ" and how he may use the same to compel this Court's intervention in ongoing family law proceedings. (*Id*. at 1-4.) Cowan explains his argument for why this Court should have jurisdiction over his petition. (*Id*. at 5-9.)

It is noteworthy that many of the legal provisions cited by Cowan are simply not applicable to a 28 U.S.C. § 2255 proceeding and do not provide legal support for the position Cowan attempts to advance. Rather, Cowan seeks to again reassert the same legal bases upon which he filed the original petition. Cowan's motion is not based upon newly discovered evidence, there has been no change in controlling law, and Cowan has not demonstrated this Court committed clear error. Thus, he is not entitled to relief under Rule 60(b).

To the extent that Cowan may be attempting to put forth a motion under Rule 60(d)(3), the motion also fails. A court may set aside a judgment on "fraud

3

on the court."  "Fraud on the court" is "fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner."  *Alexander v. Robertson*, 882 F. 2d 421, 424 (9th Cir. 1989).  A party seeking to invoke Rule 60(d)(3) must demonstrate an unconscionable plan or scheme which is designed to improperly influence the court in its decision.  *Pumphrey v. K.W. Thompson Tool Co*., 62 F. 3d 1128, 1131 (9th Cir. 1995).  Courts should narrowly read "fraud on the court" to preserve final judgments.  *Latshaw v. Rainer Wortham & Co., Inc*., 452 F. 3d 1097, 1104 (9th Cir. 2006).  Aside from his own conjecture, Cowan has not demonstrated that the judicial machinery is not functioning as it should or that any party has attempted to improperly influence this Court's decision-making process.  Because Cowan fails to make the requisite showing, there is no basis to disturb the final judgment that has been entered.

While Cowan disagrees with this Court's dismissal of his petition, that is not a valid basis for reconsideration.  Rule 60 does not provide a vehicle permitting unsuccessful claims to be considered anew. Cowan has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of a strongly convincing nature to compel reversal.  *See Decker Coal Co. V. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988).  Moreover, Cowan's suggestion of fraud is without merit.  The motion will be denied because Cowan renews arguments

already made and/or has failed to provide one of the permissible grounds to support his reconsideration request. *Maraziti v. Thorpe*, 52 F. 3d 252, 255 (9th Cir. 1995). Cowan's relief, if any, lies in appeal.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, a certificate of appealability is required to appeal the denial of a Rule 60(b) motion for relief, *United States v. Winkles*, 795 F. 3d 1134, 1139 (9th Cir. 2015), as well as a Rule 60(d) motion for relief. *Payton v. Davis*, 906 F. 3d 812, 820 (9th Cir. 2018).

A certificate of appealability is denied. Cowan was advised that this Court lacked jurisdiction over his § 2255 matter. He has not established that the ruling was made in error. Reasonable jurists viewing the argument submitted in support of Cowan's motion, analyzed under either Rule 60(b) or 60(d), would not disagree

whether a certificate of appealability should issue to challenge this Court's exercise of discretion in denying the motion. There are no close questions and there is no basis to encourage further proceedings at this time

Accordingly, IT IS ORDERED:

1.  Cowan's motion for reconsideration (Doc. 4) is DENIED.

2.  A certificate of appealability is DENIED.

3.  This matter is CLOSED.  Aside from a Notice of Appeal, the Clerk of Court is directed not to accept any further filings in this matter.

DATED this 28th  day of August, 2025.


*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge